IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN V. GROSS, JR.,

        Plaintiff,

v.

GARY BOUGHTON, DAN WINKLESKI,
MICHAEL KARTMAN, BRIAN KOOL,
SGT. SNODGRASS, C.O. MCCULLUM,
C.O. WETTER, ELLEN RAY, WILLIAM BROWN
and T. SEBRANEK,

        Defendants.

ORDER

16-cv-759-wmc

*Pro se* plaintiff John V. Gross, Jr. is proceeding on claims that prison staff at the Wisconsin Secure Program Facility (WSPF) violated his Eighth and Fourteenth Amendment rights in severely limiting his recreation time and continuing to place him on administrative confinement status. Just before the August 9, 2019, dispositive motion deadline, Gross filed a motion to stop all deadlines until the court recruits counsel for him, claiming that opposing counsel's discovery responses have denied him the ability to file a motion for summary judgment. (Dkt. 25.) On August 8, 2019, I issued a text order declining to stay any deadlines in this case, but directing defendants to respond to Gross's claims about discovery, noting the possibility that Gross may be able to file a late motion for summary judgment if defendants were, indeed, preventing him from gathering evidence. Having received defendants' response and reviewed their thorough discovery responses, I am denying Gross's motion. Gross has not shown that defendants have prevented him from litigating this case, and Gross has been adequately representing himself in conducting discovery.

1

As an initial matter, Gross's motion is far too vague to be construed as a motion to compel. At this point, I encourage Gross to use the materials he already has received from defendants to prepare his response in opposition to defendants' motion for summary judgment. However, if Gross thinks that he needs the court to rule on a discovery dispute, then he must be much more specific. He must cite the exact discovery request that he seeks to compel from defendants, explain why his request is proper and why defendants' response is inadequate, as well as any efforts he made to resolve the dispute.

As for Gross's request for recruitment of counsel, the starting point is that *pro se* litigants do not have a right to counsel in civil cases, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel, which Gross has shown. Second, he must show that he has made reasonable efforts on his own to find a lawyer to represent him. Gross has met this requirement.

Even so, Gross has not shown that this is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the

assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. Accordingly, the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

To start, I note that Gross is well-familiar with the limits of discovery in federal court. This is Gross's third lawsuit in this court. In one other case, No. 12-cv-577, this court recruited counsel for him; in the other, No. 16-cv-588, Gross represented himself. Both cases settled before trial. Prior to recruitment of counsel and settlement, Gross actively participated in the discovery process, and he has received at least one order from this court curbing overbroad and unduly burdensome discovery requests. *See Gross v. Edge*, No. 16-cv-588, dkt. 71 (W.D. Wis. July 19, 2018). Further, the preliminary pretrial conference order in *this* case advised Gross that he must limit his discovery requests to relevant information and avoid requests that require too much time or expense. (Prelim. Pretrial Conf. Order (dkt. 16) at 9.) Gross's filings in this case do not suggest that he does not understand the rules or lacks the ability to follow them.

Gross claims that defendants' discovery responses demonstrate bad faith, but he has demanded and received more than what the rules require. Defendants responded to Gross's *twelve* separate discovery requests, which included answering about *110* interrogatories and producing hundreds of pages of documents. When Gross voiced concern about the adequacy of their responses, defense counsel held a telephone conference

3

with Gross on June 8, 2019, and then revised their responses to certain interrogatories. Gross complains about defendants' revised responses, but his dissatisfaction with that revised response falls short of showing bad faith. Specifically, Gross claims that only defendants Boughton and Kartman responded to revised interrogatories, when he wanted responses from defendants Winkleski, Kool, and Snodgrass that he believed would contradict Boughton's and Kartman's responses. The problem with this complaint is that Gross has not cited to any specific discovery request or response that he believes was inadequate, nor has he made a showing that Winkleski, Kool, and/or Snodgrass had the information that Gross was requesting.

More broadly, I have reviewed defendants' discovery responses (*see* Attachments to dkt. 25), and I conclude that defendants have responded specifically and substantively to the majority of Gross's interrogatories. The responses do not suggest attempts at gamesmanship. Certainly, defendants objected to many of Gross's requests, but they accompanied their objections with adequate justifications that Gross has not rebutted with anything beyond conjecture. For example, defendants objected to Gross's request for WSPF's blueprint on the ground that this document contains sensitive information that raises security concerns; and they objected to a request for a list of all correctional officers, sergeants, and captains working at WSPF from January 2015 to present, as overbroad and unduly burdensome. Gross takes issue with these objections, but he does not explain why he needs this information or how his requests seek only relevant evidence and would not, as defense counsel represents, require hundreds of hours of time to respond. Accordingly, defendants have not acted in bad faith, and I am not persuaded that Gross needs the court

to recruit counsel for him. Gross may renew his request for assistance in recruiting counsel if this case goes to trial, at which time he may provide his specific reasons why the legal and factual complexity of his claims proceeding to trial exceed his abilities.

ORDER

IT IS ORDERED that plaintiff John Gross's motion stop all deadlines until the court recruits counsel for him (dkt. 25) is DENIED. His request for assistance in recruiting counsel is denied without prejudice.

Entered this 5th day of September, 2019.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge